# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 15-396V
**Filed: April 8, 2016**
UNPUBLISHED

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| RANDY A. KEISTER, SR., as Personal, | \* | |
| Representative of the Estate of | \* | |
| Yvonne Hocking, deceased, | \* | |
| | \* | |
| Petitioner, | \* | Joint Stipulation on Damages; |
| v. | \* | Influenza; |
| | \* | Guillain-Barre Syndrome ("GBS"); |
| SECRETARY OF HEALTH | \* | Special Processing Unit ("SPU") |
| AND HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |
| | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Glynn Weldon Gilcrease, Jr.*, Law Office of Glynn W. Gilcrease, Jr., P.C., Tempe, AZ, for petitioner.
*Gordon Elliot Shemin*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON JOINT STIPULATION[1]

**Dorsey**, Chief Special Master:

On April 20, 2015, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act").[3] Petitioner alleges that the decedent suffered Guillian-Barre Syndrome ("GBS") following receipt of her October 1, 2013 influenza vaccination. Petition at 1-2; Stipulation, filed 4/8/2016, ¶ 4. Petitioner further alleges that there has been no prior award or settlement of a civil action for damages on behalf of Ms. Hocking as a result of her condition and/or her death. Petition at 3; Stipulation¶ 5. "Respondent denies that

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012)(Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

[3] Initially the petitioner in this case was Yvonne Hocking. Mr. Keister was substituted as the petitioner following Ms. Hocking's death. (ECF Nos. 28-30.)

Ms. Hocking suffered any injury as a result of the flu immunization administered on or about October 1, 2013, and further denies that Ms. Hocking's death was a sequela of her allegedly vaccine-related GBS. " Stipulation, ¶ 6.

Nevertheless, on April 8, 2016, the parties filed the attached joint stipulation, stating that a decision should be entered awarding compensation.  The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulate that petitioner shall receive the following compensation:

**A lump sum of $175,000.00 in the form of a check payable to petitioner as Personal Representative of the Estate of Yvonne Hocking**. Stipulation, ¶ 8. This amount represents compensation for all items of damages that would be available under 42 U.S.C. § 300aa-15(a). *Id*.

The undersigned approves the requested amount for petitioner's compensation. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| RANDY A. KEISTER, Sr., as Personal Representative of the Estate of YVONNE HOCKING, deceased,<br><br>Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES<br><br>Respondent. | No. 15-396V<br>Chief Special Master Dorsey<br>ECF |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Yvone Hocking ("Ms. Hocking") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program").[1] The petition seeks compensation for injuries allegedly related to Ms. Hocking's receipt of an influenza ("flu") which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Ms. Hocking received her flu vaccination on or about October 1, 2013.

3. The vaccine was administered within the United States.

4. Petitioner alleges that as a result of receiving the flu vaccine, Ms. Hocking suffered Guillain-Barre syndrome ("GBS").

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of Ms. Hocking as a result of her condition and/or her death.

---

[1] After Ms. Hocking's death on December 1, 2015, Randy A. Keister was substituted as petitioner, as the personal representative of the estate of Ms. Hocking.

Page **1** of **5**

6. Respondent denies that Ms. Hocking suffered any injury as a result of the flu immunization administered on or about October 1, 2013, and further denies that Ms. Hocking's death was a sequela of her allegedly vaccine-related GBS.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $175,000.00 in the form of a check payable to petitioner as Personal Representative of the Estate of Yvonne Hocking. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Payments made pursuant to paragraph 8 of this Stipulation, and any amount awarded pursuant to paragraph 9 of this Stipulation, will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

11. Petitioner represents that he presently is, or within 90 days of the date of judgment will become, duly authorized to serve as the personal representative of Ms. Hocking's estate under the laws of the State of Arizona. No payment pursuant to this Stipulation shall be made

until petitioner provides the Secretary with documentation establishing his appointment as the personal representative of Ms. Hocking's estate. If petitioner is not authorized by a court of competent jurisdiction to serve as the personal representative of Ms. Hocking's estate at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party of parties appointed by a court of competent jurisdiction to serve as the personal representative of the Estate of Yvonne Hocking upon submission of written documentation of such appointment to the Secretary.

12. In return for the payments described in paragraphs 8 and 9, petitioner, in his individual capacity, and as the personal representative of Ms. Hocking's estate, on his own behalf, and on behalf of the Estate and Ms. Hocking's heirs, executors, administrators, successors and/or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Ms. Hocking resulting from, or alleged to have resulted from, the flu vaccination administered on or about October 1, 2013, as alleged in a petition for vaccine compensation filed on or about April 20, 2015, in the United States Court of Federal Claims as petition No. 15-396V.

13. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a

decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

14. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages.

15. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused Ms. Hocking's alleged GBS or any other injury or death.

16. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns as legal representatives of the estate.

**END OF STIPULATION**

Respectfully submitted,

**PETITIONER:**

*/s/ Randy A. Keister Sr.*
RANDY A. KEISTER, SR.

**ATTORNEY OF RECORD FOR PETITIONER:**

*/s/ Glynn Gilcrease*
GLYNN W. GILCREASE, JR.
Law Offices of Glynn W. Gilcrease, Jr. P.C.
401 W. Baseline Road, Suite 203
Tempe, AZ 85283
(480) 897-0990

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

*/s/ Vincent J. Matanoski by Catharine E.*
VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

*/s/ for*
NARAYAN NAIR, MD
Acting Director, Division of Injury
Compensation Programs (DICP),
Healthcare Systems Bureau
U.S. Department of Health and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD 20857

**ATTORNEY OF RECORD FOR RESPONDENT:**

*/s/ Gordon Shemin*
GORDON SHEMIN
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 616-4208

Dated: April 8, 2016